[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Phoebe A. Leavitt, and CT Page 6640 the defendant William A. Frate, Jr., were married on April 29, 1984. The parties had cohabited for about six years before the marriage and now have been separated for about three years.
Each of the parties to this marriage has resided continuously within this state for at least twelve months preceding the initiation of this dissolution action and each has continued to reside in this state through the date of the hearing. The court has jurisdiction for the purposes of this dissolution action.
The couple has one child born of the marriage, a daughter Danielle, born on September 18, 1986. The child's age at the time of the hearing was six and one-half years.
The plaintiff is 45 years of age and appears to be in good health. While currently employed as an occasional baby-sitter, she has worked in the past as a waitress and receptionist. Before her pregnancy, She was also employed in the defendant's family's business, the Darien News Store.
The defendant is 37 years of age. While he had a drug addiction problem, he has successfully overcome that problem and appears to be in good health. He has some college experience and presently is the principal manager of the family news store business. The business was founded by the defendant's grandfather and is now owned by the defendant's father. The business is located in a building also owned by the defendant's father.
Because of his father's health problems, the defendant has assumed a greater degree of responsibility in the operation of the business. He is devoting an estimated 90 hours a week to running the store.
The parties appear to have limited marital assets. They own no real estate. Aside from a 1988 Suburu wagon, registered to the plaintiff, and a 1983 Pontiac and a 1980 Mazda owned by the defendant, their primary tangible assets appear to be a piano and household furniture.
The defendant's financial affidavit lists an IRA account of approximately $7,000.00 and claims liabilities of $5,110.00, including a purported personal loan from his mother of $3,000.00 The plaintiff claims liabilities of almost $12,000.00, consisting CT Page 6641 of credit card balances and a purported loan from her father of $6700.00.
The plaintiff wife appears to be employable. However, she is determined to attempt to educate her daughter, Danielle, at home as an alternative to public school education. This alternative appears to be permitted under state law by the Connecticut Department of Education. Although the court is dubious about the plaintiff's ability to undertake such a project in light of her limited educational background and lack of teaching experience, the plaintiff has begun a program of preparation for this task.
In her financial affidavit, the plaintiff claims weekly expenses of $570.35, including the rent and utility expenses of the marital apartment. This amounts to approximately $2472.00 per month.
The defendant has a pendente lite order for payment of alimony and support of $1,600.00 a month. The defendant, in his financial affidavit and testimony, claims a gross monthly salary of $2,383.00 and a net after taxes of $1,872.27. The defendant estimates his monthly expenses to be $2,617.00. He has testified that he has been able to limit the shortfall because of a one-time inheritance from his grandmother, sale of some stock he had owned, lottery winnings of $4,000.00 in 1991 and $5,000.00 in 1992, as well as the loan from his mother. In addition, he occupies a garage apartment for which he pays no rent.
Despite the defendant's affidavit, the plaintiff testified that during the marriage the couple lived a life style which would require an income greater than that reported by the defendant. Although the plaintiff estimated her husband's income as closer to $60,000.00 annually than the approximately $27,000 to $29,000.00 reported by the defendant, she primarily presented anecdotal information to support this estimate. This, in part, was because no information concerning the finances of the family business was presented.
The plaintiff did testify without contradiction that the Frate family business is operated without the use of a cash register for record purposes. She also stated that major purchases which had been made by the defendant were often paid for in cash: a piano costing $3,000; downpayment of $4,000.00 for a car; funds for a video camera. The court is warranted in CT Page 6642 concluding that in addition to the salary paid to the defendant as an employee of the family business, he has received additional cash from his family by way of gifts or loans for major purchases.
In light of the responsibilities shouldered by the defendant in the operation of the family business as manager, the hours devoted to the business, his education and obvious financial acumen demonstrated by his testimony and the exhibits submitted, the defendant's earning capacity is greater than that manifested by the reported salary he draws from the business. Even using as a comparison, the salary paid by the business to its part-time employee, the defendant's salary from the business should equal $36,000.00 annually. This figure is more in line with his earning potential than the draw he takes as recorded salary from the business.
Each of the parties has claimed in pleadings and has testified that the marriage has broken down irretrievably. The parties are agreed that there should be joint custody of the minor child, Danielle, with primary physical custody and residence to be with the plaintiff mother.
The parties are also agreed that the defendant should maintain health insurance and life insurance for the benefit of the minor child and that the defendant should provide alimony and child support. The parties, however, are not agreed on the duration and amount of these various provisions.
Under these circumstances, having reviewed the claims for relief, the evidence presented and taking into consideration the factors enumerated in General Statutes 46b-82 and 46b-84, the court makes the following orders.
DISSOLUTION: The court finds that the marriage has broken down irretrievably and enters a decree of dissolution of the marriage.
CUSTODY: The court finds that joint custody of the minor child, Danielle, with primary physical residence to be with the plaintiff mother is appropriate and currently in the best interests of the child and so orders.
VISITATION: The defendant should have broad and liberal visitation and the court outlines the following visitation CT Page 6643 program, subject to agreed modification by the parties:
(a) Alternating weekends, from Friday at 7:00 P.M. to Saturday at 6:00 P.M. one weekend and from Saturday at 7:00 P.M. to Sunday at 6:00 P.M. on the alternate weekend;
(b) Mondays and Wednesdays from 7:00 P.M. to 9:00 P.M.;
(c) Alternating traditional school holidays;
(d) Equitable sharing of Easter Sunday, Thanksgiving Day and Christmas Day;
(e) A minimum of two weeks during the summer;
(f) Equitable sharing of the child's birthday.
MEDICAL INSURANCE: For so long as the defendant is obligated to pay child support, he shall maintain, at his expense, reasonable medical insurance coverage for the benefit of the minor child.
With regard to such insurance, (1) the signature of the custodial parent shall constitute a valid authorization to the insurer for purposes of processing an insurance reimbursement payment to the provider of the medical services, (2) neither party shall prevent or interfere with the timely processing of any insurance reimbursement claim and (3) the insured parent shall promptly pay the custodial parent any insurance reimbursement for the services of a medical provider paid by the custodial parent. For purposes of item (1) above, the plaintiff will be responsible for providing the insurer with a certified copy of the order of dissolution. Such insurer may thereafter rely on the order and will not responsible for inquiring as to the legal sufficiency of the order.
Any uninsured or unreimbursed medical or dental expenses shall be equally divided by the parties.
LIFE INSURANCE: For so long as the defendant is obligated to pay child support, he shall maintain, at his expense, a policy of insurance on his life in the minimum amount of $100,000.00, designating his daughter, Danielle, as irrevocable beneficiary thereunder. CT Page 6644
DEBTS: Each party shall be solely responsible for his or her individual debts as shown on the respective financial affidavits.
CHILD SUPPORT: The court believes that it would be appropriate to order current child support in the amount of $700.00 per month to be paid by the defendant to the plaintiff for such support. Insofar as this order may deviate from the Section 46b-215a guidelines as measured against the defendant's financial affidavit the court is of the opinion that the application of the guidelines would be inappropriate in this case, taking into consideration the earning capacity of the defendant and the needs of the child
ALIMONY: Considering the statutory factors, especially the length of the relationship and marriage, the age, present health, present station, occupation, present amount and sources of income, vocational skills, employability, estate and present needs of each of the parties, the court deems it appropriate to award alimony to the plaintiff in the present amount of $700.00 per month until the death of either of the parties, or the plaintiff's remarriage or cohabitation as defined in the General Statutes or twelve years from the date of dissolution, whichever first occurs.
While this order for alimony is modifiable based on change of circumstances, in order to assist the plaintiff's return to employment, the defendant may not seek a modification based on material change of circumstance because of the plaintiff's earned income until her income, apart from the alimony order exceeds $10,000.00 annually.
The order for child support and alimony is retroactive to April 1, 1993. To the extent that any payments made by the defendant under the pendente lite order exceeded the effective monthly order of $1400.00, the defendant may reduce the alimony payment by $100.00 per month until the difference between payments made under the pendente lite order and the present orders has been eliminated.
ATTORNEY'S FEES: The court, having reviewed the affidavit of counsel for the plaintiff finds that the charges therein are reasonable, the court also finds that the plaintiff is not able to pay all of these fees from her own resources. The court is also aware that the defendant's assets are presently limited. CT Page 6645 The court orders the defendant to contribute $3,000.00 towards the payment of the plaintiff's attorney's fees within a reasonable period of time.
NIGRO, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 6645-K